# CASES DETERMINED

# January Term, 1901.

---

LIEBERMANN, Respondent, vs. LIPPERT, Appellant.

*January 8 — February 1, 1901.*

*Sales: Breach of warranty: Evidence: Shortage in weight: Burden of
proof.*

1. Where defendant was liable to his vendee for the cost of new bags
   and the rebagging of peas in a warehouse, evidence showing merely
   the total amount of the warehouse charges, including storage for
   which defendant was not liable, did not establish the amount of
   his liability.
2. Testimony of the vendee that one to whom he had sold the peas
   made a demand of him for such charges specifically, being objected
   to, was evidence only of the fact of the demand, and did not tend
   to prove that the expenses specified had been incurred.
3. The burden of showing a shortage in the guaranteed weight of peas
   sold while stored in a warehouse was upon the vendee and was not
   shifted by evidence that three months after the sale there was
   a shortage, where it appeared that in the interval the peas had
   been handled over and rebagged, giving abundant opportunity for
   change in their condition and amount.

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge. *Reversed.*

On June 22, 1897, the plaintiff and defendant were both
merchants at Milwaukee. On that day the defendant sold
to the plaintiff certain Scotch peas, then in storage ware-

house at Baltimore, by bill of sale or invoice, the material terms of which were as follows:

Rosenberg & Liebermann,
              Bought of *Henry H. Lippert.*
200 boxes Scotch peas, 36,199 lb., 603⅚⅚ bu., at 51c.............. $307 69
Freight prepaid......  ................................  ........    70 40
                                                                  -------
    At Baltimore......................................... $378 09
    Weights guaranteed, bags good condition, and subject to no other charge.
    Paid.   *H. H. Lippert,* June 22, 1897.

The plaintiff sold the same peas to another person while still in storage and without having been seen either by him or his customer. When withdrawn from the storage warehouse, October 14, 1897, the peas were weighed and amounted to only 33,514 pounds, and there were charges against them of $54.85, of which $20 was for storage up to June 22d; the balance for charges subsequent to that date, for storage, cost of new bags, and labor in cleaning and rebagging. It appeared that on June 22d the peas were apparently in good condition, the bags more or less eaten by rats. The contract price of the shortage in weight of the peas was $26.25.

The court directed a verdict for the plaintiff for $72.87, made up of the following items: Value of shortage in weight, $26.62; storage charges, June 22, 1897, $20; new bags, $16.25; labor rebagging, $10,— upon which judgment for the plaintiff was entered, and from which the defendant appeals.

For the appellant the cause was submitted on the brief of *McElroy & Eschweiler.* They argued, among other things, that proof of the weight of the peas in June might be proper and competent evidence to establish the presumption that their weight in the following October was the same, although such presumptions are not absolute. *Crotty v. Union M. L. Ins. Co.* 144 U. S. 621. The contrary, however, is never true, for such presumptions never run backward. Lawson, Presumptive Ev. Rule 37, p. 238; Bradner, Ev. (1st ed.),

440–442; *Jarvis v. Vanderford*, 116 N. C. 147; *Martyn v. Curtis*, 67 Vt. 263; *Erskine v. Davis*, 25 Ill. 251; *Murdock v. State*, 68 Ala. 567; *Windhaus v. Bootz*, 92 Cal. 617; *Barelli v. Lytle*, 4 La. Ann. 557; *Taylor v. Cresswell*, 45 Md. 422.

*William Kaumheimer*, for the respondent, contended, *inter alia*, that it having been established that the peas were "in store" at Baltimore, and that the only time they were weighed there they weighed only 33,650 pounds, the burden of proof rested on defendant to show that they had ever weighed more, or that any change had occurred to reduce the weight in the interim from June to October. *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204; *Gibbon v. Hughes*, 76 Wis. 409.

DODGE, J. Upon careful examination of the record, we are unable to find any evidence to justify instruction of verdict in favor of plaintiff in excess of the conceded item of $20 for storage charges due at the time of the sale. As to the cost of rebagging the peas and new bags, there is no direct evidence save that of one of the warehouse employees that the total charges subsequent to the sale were $34.85 for bags and rebagging *and for storage*, but the amount for each is not specified. Defendant could not be liable for subsequent storage; hence it results that the amount of his liability within that $34.85 was left indefinite and conjectural. True, plaintiff testified that Courteen, to whom he sold, made demand of him for such charges specifically. That testimony, being objected to, was evidence only of the fact of the demand. It was wholly hearsay as to the incurring by Courteen or by the warehouseman of the expenses specified, or any expenses, and did not tend to prove such facts.

As to the shortage in weight of peas, the burden of proof is, of course, on the plaintiff. That burden is not lifted by proof that three months later the peas weighed a certain

amount, when, as here, it appears that the bags in which they were kept were rat-eaten and dilapidated, and that in the interval the peas had been removed from the bags, handled over, and placed in other bags, thus showing abundant opportunity for change in the actual condition and amount after the purchase and before the weighing.

*By the Court.*— Judgment reversed, and cause remanded for a new trial, with the option to the plaintiff, within twenty days after notice of filing *remittitur,* to take judgment for the sum of $20.